# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   Case No. CR-19-334-F ) |
| GALLAN SMELLEY, | ) ) |
| Defendant. | ) |

## ORDER

Defendant Gallan Smelley, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which appears to be based on Amendment 821 to the United States Sentencing Guidelines, effective November 1, 2023 and applied retroactively.[1]  Doc. no. 50.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 53.  The matter is at issue.

On February 21, 2020, defendant, pursuant to a plea agreement, pleaded guilty to Count 3 of the Indictment charging possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

The Probation Office prepared a final presentence investigation report (doc. no. 39), which calculated defendant's base offense level at 30.  Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.l(b)(4) because the object of the offense was the distribution of methamphetamine in a prison and a three-level

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor and the criminal activity involved five or more participants, resulting in an adjusted base level of 35. Applying a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant's total offense level was 32.

Based on his prior criminal convictions, defendant's subtotal criminal history score was 23. Defendant was assessed two additional criminal history points ("status points") because he committed the offense while under criminal justice sentences imposed by Grady County District Court. Therefore, defendant's total criminal history points score was 25, resulting in a criminal history category of VI. With a total offense level of 32 and a criminal history category of VI, defendant's guideline imprisonment range was 210 months to 262 months.

At the sentencing hearing held on July 20, 2020, the court sustained defendant's objection to the three-level enhancement under U.S.S.G. § 3B1.1(b) for his role in the offense but found that U.S.S.G. § 3B1.1(c) applied, which changed the adjusted offense level to 34 instead of 35. With the three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant's total offense level was 31 instead of 32. Combining the total offense level of 31 and the criminal history category of VI, defendant's guideline imprisonment range was 188 months to 235 months. The court varied downward and sentenced defendant to 130 months' imprisonment. Judgment was entered on July 21, 2020. Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Amendment 821 because he is a zero-point offender. Although not mentioned, the court construes defendant's motion as also requesting that his sentence be reduced pursuant to Amendment 821 because he was assessed two additional criminal history points ("status points").

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 51), the court finds that defendant is not eligible for a sentence reduction under Amendment 821—Part A or Subpart 1 of Part B.

Subpart 1 of Part B of Amendment 821 creates a new § 4C1.1 guideline, which provides for a decrease of two offense levels for "zero-point offenders" whose offense meets the guideline's criteria.  The court finds that defendant is not eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821 because he is not a zero-point offender.  Indeed, defendant's subtotal criminal history score was 23 based on his prior criminal history.

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1.  Specifically, it decreases "status points" by one point for a defendant with seven or more criminal history points, and it eliminates the "status points" for a defendant with fewer than seven criminal history points.  Applying Part A, defendant's status points would be reduced by one, resulting in a criminal history score of 24.  However, a total criminal history score of 24 still corresponds to a criminal history category of VI.  Consequently, defendant's guideline imprisonment range would remain unchanged.  Because application of Part A of Amendment 821 would not have the effect of lowering defendant's applicable guideline range, a sentence reduction is not authorized by § 3582(c)(2).  Defendant's § 3582(c)(2) motion will therefore be dismissed.

Accordingly, for the reasons stated, defendant Gallan Smelley's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 50) is **DISMISSED**.

DATED this 23rd day of April, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0334p009.docx